THE PEOPLE OF THE STATE OF ILLINOIS *v.* JOHN G.
McHATTON *et al.*

### *Original suit.*

It is the practice in the Courts of this State, in actions of debt upon penal bonds,
to set out the condition and assign specific breaches in the declaration, and
they should be met and answered specifically. A plea of general perform-
ance is not sufficient.

In a suit against a sheriff and his sureties, for a neglect to pay over to the State
Treasurer the revenue arising from the sales of land for taxes, they cannot
object to the sufficiency of the judgment or execution under which he made
the sale and received the revenue. It is sufficient that he made the sale and
collected the money, and whether the purchasers at such sale obtained a
good title is no business of his, or his sureties.

The Legislature, by law, changed the time of holding the Circuit Court in
Schuyler county, and by this the time for paying over the taxes collected by
the sheriff was extended three weeks beyond the time required by law when
the bond was given by him: *Held,* that it did not discharge the sureties.

If a party obtain leave to amend pleas to which a demurrer has been sustained,
he cannot, under such leave, present a new, separate and distinct defence,
but must apply for leave to file an additional plea. An amendment to a plea
should, at least, have some resemblance to the plea of which it purports to
be an amendment.

THIS was an original suit in this Court in favor of the
People against the defendant, who was the sheriff of Schuy-
ler county. The cause was heard upon demurrer to pleas,
the substance of which is set forth in the Opinion of the
Court. The demurrer was sustained.

*J. A. McDougall,* Attorney General, for the People.

*W. A. Hinman,* and *J. H. Ralston,* for the defendants.

The Opinion of the Court was delivered by

CATON, J. A motion is made by the Attorney General
for judgment against McHatton and his sureties, for $333·26,
State revenue for 1840, by him collected as sheriff of the
county of Schuyler, and also for the sum of $18·06, printer's
fees collected by him, which he has failed to pay over to the
Treasurer, on or before the first day of May, 1841, or since,

as by law required.   The notice recites the giving the bond, and especially alleges the non-payments above stated. A part of the sureties have appeared and filed five pleas, to the four last of which a demurrer is filed, which is submitted without argument.

The second is a plea of general performance.   That is not sufficient.   Specific breaches are assigned in the notice, and they must be specifically answered.   In England, where the practice was only to declare on the penal part of the bond, the defendant might, in his plea, set out the condition of the bond, and where it provided for the performance of multifarious acts, he might aver general performance, or if he averred general performance where he should have been specific, still it could only have been taken advantage of by special demurrer.   Our practice is always to set out the condition and assign specific breaches in the declaration, and they should be met and answered specifically.

The third plea avers "that the said John G. McHatton did not collect in the capacity of sheriff of the said county of Schuyler for the year 1840, the said sum of $333 $\frac{26}{100}$, or any other sum of money as State revenue for the year 1840, under, or in virtue of any process or order of the Circuit Court of the county of Schuyler, under the seal of said Court, whereon to collect said revenue or whereon lands could be by said John G. McHatton, as such sheriff, sold for taxes for the revenue of said year," &c.   This plea is insufficient.   It is not for the sheriff or his sureties to object to the sufficiency of the judgment or execution under which he made the sale and received the revenue.   It is sufficient if he made the sale and collected the revenue, and whether the purchasers at such sale obtained a good title is no business of his or his sureties.   Such sale and collection is not denied by the plea.   The demurrer to that plea must be sustained.

So also of the fourth plea, which is the same as the third, in relation to the $18·06 of printer's fees.

In the fifth and last plea, it is averred, that at the time of the execution of the bond in the notice mentioned, it was

The People *v.* McHatton *et al.*

the duty of the sheriff to pay into State Treasury the amount of taxes, &c., within thirty days after the sale, which should take place on the second Monday after the term of the Circuit Court; and that by a law passed on the 23d day of February, 1840, and after the making of the bond, the time for holding the Circuit Court of Schuyler county, was changed from the 30th of March, 1841, to the 20th of April, 1841, and that the plaintiff thereby extended the time for the sheriff to pay the taxes into the State Treasury from the 29th of April to the 20th of May.

This is not like the case of *Davis* v. *People*, 1 Gilman, 409, decided at last term, and of the *People* v. *McHatton*, and decided at the present term of this Court. There the Legislature suspended for a time the right to sue the collectors, and consequently the sureties were held to be discharged. But such is not this case. Here the Legislature has only changed the time of holding the Court at which the judgment was to be rendered by virtue of which the sale was to be made. As well might it be said, that if the Court had continued the suit for taxes from any cause the sureties would have been discharged; or if the Judge had been sick and no Court had been held, that the same consequences would have followed. As well might it be said, if a plaintiff in a civil suit should direct a sheriff not to sell on an execution after a levy had been made, and he should afterwards make the money on a *venditioni exponas*, and refuse to pay it over, that his sureties would thereby be absolved from responsibility. The demurrer to this plea is also well taken and must be sustained, with leave to the defendants to amend the pleas.

At a subsequent day of the term, the following additional Opinion was delivered in the foregoing case, by

CATON, J. At a previous day of the term, a demurrer was sustained to four of the defendants' pleas, and they had leave to amend them. Under this leave the defendants have filed four other pleas, which the Attorney General moves to have taken from the files. The two first of these

The People *v.* McHatton *et al.*

pleas may properly be considered as amendments to two of the pleas to which the demurrer was sustained. The defence which they set up is of the same character with that attempted to be set up in the former pleas, but insufficiently. The third of these pleas is a plea of general performance, and substantially the same as the one to which the demurrer was sustained, and is no amendment to it, and must be stricken from the files. The fourth is a plea of payment, which is a defence in no wise resembling any defence attempted to be set up in the former pleas, and cannot be considered as properly an amendment to either of them. An amendment to a plea should at least have some resemblance to the plea of which it purports to be an amendment, in the character of the defence proposed. If the party wishes to present a new, separate and distinct defence, he should apply for leave to file an additional plea. The two last pleas must be struck out.

*Demurrer sustained.*

## MEMORANDUM.

THE Reporter deems it due to Chief Justice WILSON to state, that the indisposition of himself and family prevented him from being in his place for the greater part of this term.